Temporary injunction continued.

---

THE VILLAGE OF SKANEATELES, Petitioner, *v.* MICHAEL F. HENNESSEY, Defendant.

(County Court, Onondaga County, February, 1909.)

Villages — Method of exercising power of village — Preventing danger from fire.

The provision of the Village Law, authorizing the board of trustees to prevent the use in any building of materials liable to take fire, is intended to authorize the prevention of the use of such materials in the structure of the building and not to prevent the use of a building already erected for the storage of such materials.

County Court, Onondaga County, February, 1909.    [Vol. 62.

The trustees of a village may not by injunction restrain the erection of a wooden building where they have not exercised the power conferred upon them by the Village Law to enact ordinances establishing fire limits and preventing the erection therein of structures liable to take fire.

APPLICATION for the continuance of an injunction restraining the defendant from erecting a wooden ice-house in the village of Skaneateles.

F. E. Stone, for petitioner.

M. F. Dillon, for defendant.

Ross, J.    The Village Law (being chapter 414, Laws of 1897) provides in section 89, subdivision 16, relating to the powers of the board of trustees, as follows:

"*Fire limits.*— To prevent the construction or rebuilding of wooden buildings, or the use in any building within the fire limits of materials liable to take fire.  *  *  * "

The board of trustees of the village of Skaneateles has not exercised the authority given in the Village Law, section 88, subdivision 7, to establish fire limits.    Has it the power, until such authority is exercised and fire limits are established, to prevent the erection of a wooden building anywhere within the village?    I think not.

Let us bear in mind that the defendant has the right to erect a wooden building, unless the action of the board of trustees is authorized by the statute.    To deprive a person of an existing right the authority must appear.    It cannot be inferred.

Pursuant to the power conferred upon it by the provisions above quoted, the board of trustees has the right to

(a) Prevent the construction of wooden buildings.

(b) Prevent the rebuilding of wooden buildings.

(c) Prevent the use in any building of materials liable to take fire.

The last provision does not mean the use *within* a building of inflammable materials, as explosives, oils, etc.    Other provisions of the act enable the board of trustees to regulate

these matters. But it means the use *in* the building, as distinguished from its contents, of materials liable to take fire — something less than the erection of a building or the rebuilding of a structure, as alterations, repairs, platforms, staging, screens, scenery, draperies for the time being used as a part of the building and so on.

The subdivision under discussion deals with permanent structures; and to prevent the illegal erection, rebuilding or repairing, etc., of such permanent structures, the important right to injunction is given, which would not only be out of place, but would be unnecessary if it related to movable contents. Thus read, the entire act is consistent and is in harmony with the legislation in this regard.

The board of trustees have, under the provisions of section 89, subdivisions 12 to 15, inclusive, the right, within the confines of the village, to regulate and prevent the storage and sale of the articles enumerated in those subdivisions, and to regulate the erection of chimneys.

Subdivision 16 relates to permanent structures, and a limitation is concededly put upon such authority. Had it been the intention of the Legislature to give to the board of trustees, by the provisions of subdivision 16, authority coextensive with the confines of the village, it would not have associated such provisions with a limitation. I think the evident sense of the provision under discussion is the same as if the words " within the fire limits " preceded, instead of followed, the prohibited acts.

The claim that, if no fire limits are established, the whole village constitutes such limits is without merit. If that were intended it could have been so provided. It would be unnecessary to authorize the establishment of fire limits if they are already in existence.

Motion for an injunction denied, with ten dollars costs in favor of the defendant; but without prejudice to the plaintiff to renew this application, upon showing that fire limits have been established by the board of trustees.

Ordered accordingly.